**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HYPERPONIC, LLC,**

    **Plaintiff,**

v.                                           **Case No. 8:18-cv-1992-T-30AAS**

**RICHARD C. CARROLL,**

    **Defendant.**
_____/

## ORDER

Hyperponic moves to compel initial disclosures from Richard Carroll. (Doc. 11). Hyperponic also moves to compel responses to requests for production. (*Id.*).

Hyperponic submitted its motion to compel on January 15th. (*Id.*). Local Rule 3.01(b) gives a party opposing a motion fourteen days to respond. Mr. Carroll's deadline to respond to Hyperponic's motion was January 29th. Mr. Carroll failed to respond by January 29th. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted). Hyperponic's motion is therefore treated as unopposed because Mr. Carroll failed to respond.

Hyperponic claims Mr. Carroll failed to provide the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1). (Doc. 11, p. 1). A party must provide an opposing party the discovery listed in Rule 26(a)(1) without receiving a discovery

1

request. *See* Fed. R. Civ. P 26(a)(1) (listing required initial disclosures); *see also Stamps v. Encore Receivable Mgmt, Inc.*, 232 F.R.D. 419, 421–22 (N.D. Ga. 2005) (discussing mandatory initial disclosures under Rule 26(a)(1)). Hyperponic's motion to compel Mr. Carroll to provide initial disclosures under Rule 26(a) is granted.

Hyperponic also moves to compel Mr. Carroll to respond to requests for production. (Doc. 11). A party may move to compel discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) & 37(a).

The party moving to compel discovery bears the initial burden of proving the requested discovery is relevant. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277 at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically demonstrate how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

Hyperponic's requests for production appear relevant to claims in the amended complaint. (Doc. 4; Doc. 11, pp. 2–7). Mr. Carroll concedes the proportionality of Hyperponic's requests for production because he has not objected to the requests for production and has not submitted a response to the motion to compel. And, similarly, Mr. Carroll has not indicated the requests lack the requisite reasonable particularity or are unduly burdensome or otherwise objectionable. Hyperponic's motion to compel responses to its requests for production is granted.

Hyperponic moves to recover reasonable expenses, including attorney's fees and costs, incurred due to submitting its motion to compel. (Doc. 11, p. 9). If the court grants a motion to compel, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion. Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 37(c) (stating court may award reasonable expenses against party that failed to provide initial disclosures under Rule 26(a)). The court must give the losing party an opportunity to be heard on the issue of reasonable expenses. Fed. R. Civ. P. 37(a)(5).

The court must not award fees under Rule 37(a)(5):

(i) [if] the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) [if] the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) [if[ other circumstances make an award of expenses unjust.

*Id.* A party's objection to discovery is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

Mr. Carroll had an opportunity to be heard on the issue of Hyperponic's request for reasonable expenses under Rule 37(a)(5). He had fourteen days to respond to Hyperponic's motion, and the court delayed its decision on Hyperponic's motion—giving Mr. Carroll an additional twenty-three days to respond.

Hyperponic conferred with Mr. Carroll in good faith consistent with Rule

3

37(a)(5)(i) and Local Rule 3.01(g). (Doc. 11, p. 9). Nothing in the record indicates Mr. Carroll was substantially justified in his failure to provide initial disclosures or respond to the requests for documents. And no other circumstance makes an award of expenses unjust under Rule 37(a)(5)(A)(iii). *See* 10 James Wm. Moore et al., Moore's Federal Practice, § 37.23[3] (3d ed. 2017) (stating few cases discuss "which kind of circumstances would make an award of expenses unjust"); *Stepp's Towing Serv. Inc. v. State Nat'l Ins. Co., Inc.*, No. 8:17-CV-3002-T-33AAS, 2018 WL 3389952, at *3 (M.D. Fla. July 12, 2018).

Consistent with Rule 37(a)(5), Hyperponic is entitled to reasonable expenses incurred in submitting its motion to compel. Hyperponic's request for reasonable expenses, including attorney's fees and costs, is therefore granted.

\* \* \*

Mr. Carroll had a duty to produce disclosures under Rule 26(a) without receiving a discovery request. He failed to demonstrate Hyperponic's requests for production lack the requisite reasonable particularity or seek documents that are irrelevant, disproportional to the needs of the case, unduly burdensome to produce, or otherwise objectionable. And Hyperponic is entitled an award for reasonable expenses, including attorney's fees, incurred in submitting its motion to compel. Hyperponic's motion to compel (Doc. 11) is **GRANTED** as follows:

1. Hyperponic's motion to compel Mr. Carroll to provide initial disclosures under Rule 26(a) is **GRANTED**.

4

2. Hyperponic's motion to compel Mr. Carroll to respond to Hyperponic's requests for production is **GRANTED**.

3. Hyperponic's motion to recover reasonable expenses incurred in submitting its motion to compel is **GRANTED**.

4. By **March 1, 2019**, Hyperponic must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses incurred in submitting its motion to compel.

5. By **March 8, 2019**, Mr. Carroll must submit his response to Hyperponic's motion concerning its reasonable expenses.

**ENTERED** in Tampa, Florida, on February 21, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge