**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HYPERPONIC, LLC,**

    **Plaintiff,**

v.                                           **Case No. 8:18-cv-1992-T-30AAS**

**RICHARD C. CARROLL,**

    **Defendant.**
_____/

## **ORDER**

Hyperponic moves an award of reasonable expenses, including attorney's fees, incurred in submitting the January 15th motion to compel. (Doc. 14). Richard Carroll agrees with Hyperponic's requested relief. (*Id.* at 2).

The February 12th order granted Hyerponic's motion to compel Mr. Carroll to provide initial disclosures. (Doc. 12). The order also compelled Mr. Carroll to respond to Hyperponic's requests for production. (*Id.*).

Consistent with Federal Rule of Civil Procedure 37(a)(5), the February 12th order determined Hyperponic is entitled to reasonable expenses, including attorney's fees, incurred in bringing its motion to compel. (*Id.*). The order required Hyperponic to "submit a motion, which includes necessary supporting documents, detailing its reasonable expenses incurred in submitting its motion to compel." (*Id.* at 5).

Hyperponic requests an award of $1,250 and provides supporting documentation, including an affidavit by attorney Jay Verona (Hyperponic's counsel)

1

and billing records. (Doc. 14, pp. 8–12). A review of Verona's affidavit and the billing records demonstrates Hyperponic's requested expenses are reasonable. And Mr. Carroll agrees the court should award Hyperponic $1,250. (*Id.* at 2).

Hyperponic requests "entry of a judgment" for $1,250 in reasonable expenses. (*Id.* at 1). But Hyperponic never explains why a judgment for reasonable expenses under Rule 37(a)(5) is appropriate. An order—not a judgment—awarding reasonable expenses under Rule 37(a)(5) is usually appropriate. *See Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 1173794 (S.D. Fla. Mar. 27, 2017) (Matthewman, Mag.) (entering order—not judgment—for reasonable expenses under Rule 37(a)(5)). Without sufficient justification from Hyperponic, the court will not enter a judgment for reasonable expenses under Rule 37(a)(5).

The February 12th order determined Hyperponic is entitled to its reasonable expenses, including attorney's fees, incurred in submitting its January 15th motion to compel. Hyperponic's requested award for $1,250 is reasonable, and Mr. Carroll agrees. Hyperponic's motion for reasonable expenses (Doc. 14) is therefore **GRANTED**. Hyperponic is awarded $1,250 in reasonable expenses incurred in submitting the January 15th motion compel.

**ORDERED** in Tampa, Florida, on March 6, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge